UNITED STATES DISTRICT COURT
for the
Southern District of Texas
Houston Division

| | | |
|---|---|---|
| HERVÉ-VADIM LANI<br>Plaintiff<br><br>-V-<br><br>SORAY LLC d/b/a BOLLO<br>Defendant | § § § § § § § § | Case No. _____<br><br><br><br>Jury Trial: __yes     X  no |

## COMPLAINT

COMES NOW HERVÉ-VADIM LANI, the Plaintiff herein, and brings suit against SORAY LLC d/b/a BOLLO, the Defendant.

## SERVICE

Service may be obtained on the Defendant by serving its registered agent Raed R. Salti at 12807 Royal Drive, # 106, Stafford, Texas 77477.

## JURISDICTION

1. Jurisdiction in this Court arises under 28 U.S.C. Section 1332, diversity jurisdiction as the Plaintiff is a citizen of the country of France. This Court has pendant jurisdiction of state law claims arising under the laws of Texas including but not limited to Chapters 41 and 101 of the Texas Civil Practice & Remedies Code and Section 2.02 the Texas Dram Shop Act of the Texas Alcoholic and Beverage Code. The amount in controversy is within the jurisdictional limits of the Court.

## VENUE

2. Venue is proper in the Southern District of Texas, Houston Division as the acts

complained of which give rise to this Complaint all occurred in the city of Houston, county of Harris, state of Texas.

## PARTIES

3. Plaintiff HERVÉ-VADIM LANI is an individual over the age of eighteen years and is a citizen of the country of France. At the time of the acts complained of, Plaintiff was employed in Houston, Texas and living in Houston, Texas. Defendant SORAY LLC d/b/a BOLLO is a Texas Limited Liability Company and conducts business in Houston, Texas. BOLLO is a registered assumed name of SORAY LLC and an Assumed Name Certificate for BOLLO is recorded in the Secretary of State records of SORAY LLC. BOLLO is a restaurant and bar and located at 2202 West Alabama, Houston, Texas 77098.

## FIRST CAUSE OF ACTION
## BREACH OF DUTY OWED TO AN INVITEE

### FACTS

4. Plaintiff would state on or about September 11, 2016 in Houston, Harris County, Texas he was assaulted while an invitee at a restaurant named Bollo, said restaurant is owned by the Defendant. Bollo is located at 2202 West Alabama, Houston, Texas 77098. Plaintiff was a guest at the restaurant. Plaintiff was a patron of the restaurant. Plaintiff was assaulted inside the restaurant and also assaulted in the parking lot of the restaurant by the same people. Plaintiff was assaulted by Bollo manager Ernesto last name unknown and by friends and associates of Ernesto. There was no provocation by the Plaintiff for the assault. Ernesto had served his friends and associates an excessive amount of alcohol and they attacked the Plaintiff with deadly force and attacked the Plaintiff using a deadly weapon.

5. As a result of the attack, Plaintiff suffered extensive injuries including injuries to his face, jaw, teeth, shoulders, and other body parts. Ernesto and his friends and associates attacked

the Plaintiff, threw him over furniture, knocked him to the ground, and hit him in the face with a beer bottle. As a result of the assault Plaintiff suffered severe facial trauma and massive dental trauma. Plaintiff has had numerous surgeries to date. Plaintiff was maimed in the attack and the facial and dental trauma changed the shape and look of Plaintiff's face and jaw. Plaintiff lost several teeth and part of his jawbone due to the assault.

6. Plaintiff incurred lost wages as he was not able to work due to the injuries.

7. Plaintiff's actual damages total over $ 1,000,000.

## DUTY OWED TO INVITEE

8. Defendant owed a duty of care to its invitee the Plaintiff. Defendant breached this duty thereby resulting in Plaintiffs' injuries. Defendant failed to provide a safe environment for the Plaintiff who was a patron and an invited guest of the restaurant Bollo.

9. But for Defendant's failure to provide a safe environment for its invitee the Plaintiff, the Plaintiff would not have been assaulted and would not have incurred physical injuries, mental trauma, lost wages, medical expenses in the past and medical expenses in the future.

10. The Defendant breached its duty to the Plaintiff and each of the following acts or failures to act by the Defendant on its own constitute a breach of the duty owed to the Plaintiff as an invitee:

   a. In failing to provide a safe environment for the Plaintiff as an invitee;

   b. In failing to provide adequate security in and outside its business;

   c. In failing to hire an employee that would manage the restaurant properly and not over serve patrons with alcohol;

   d. In failing to act with ordinary reasonable prudence in management of its business and in dealing with the public;

    e. In hiring an employee that assaulted the Plaintiff;

    f. In failing to provide medical care to the Plaintiff after the assault;

    g. In failing to act with reasonable care to protect its invitees,

    h. And other acts deemed to constitute a breach of the duty of care owed to its invitee the Plaintiff.

11. These acts and/or omissions proximately caused Plaintiff's injuries and damages. Further, Defendant acted knowingly and/or recklessly, breaching the duty of care owed to its invitee. Accordingly, the Plaintiff is entitled to exemplary damages along with actual damages stated above.

## DAMAGES/RELIEF SOUGHT

12. As the direct and proximate cause of the Defendant's breach of the duty it owed to the Plaintiff as its Invitee, the Plaintiff sustained severe personal injuries to his body including but not limited to head, face, jaw, teeth, shoulders back, neck, hands and extremities. Plaintiff sustained physical pain and mental anguish in the past and will continue to sustain physical pain and mental in the future. Plaintiff sustained medical expenses in the past due to his injuries, and will continue to sustain medical expenses in the future. Plaintiff has sustained severe pain, physical impairment, discomfort, mental anguish, and distress. Plaintiff incurred lost wages in the past due to his injuries, and will continue to sustain lost wages in the future. Plaintiff asks this Honorable Court to award him the following:

    a. Compensation for physical pain and mental anguish in the past in the amount of $ 1,000,000.00;

    b. Compensation for physical pain and mental anguish which in reasonable probability he will suffer in the future in the amount of $ 1,000,000.00;

c. Compensation for medical care which he received in the past in the amount of $ 1,000,000.00;

d. Compensation for medical care which he will in reasonable probability receive in the future in the amount of $ 1,000,000.00;

e. Lost wages incurred in the past;

f. Lost future wages and loss of career due to permanent injury;

g. Pre-judgment interest on damages sustained from the date of the accident in question through the date of judgment.

h. Post-judgment interest on damages sustained from the date of the accident in question through the date of collection of judgment.

13. As a further result of the injuries sustained by Plaintiff, he suffered permanent physical impairment, and have been damaged in the amount of $ 1,000,000.00.

## ATTORNEY FEES AND COURT COSTS

14. Plaintiff found it necessary to hire an Attorney to pursue this matter on his behalf and has incurred Attorney fees and will incur further Attorney fees in the future. Plaintiff has incurred court costs in the filing and pursuit of this matter. Plaintiff requests the Court make a specific award to the Plaintiff of Attorney Fees and court costs incurred in the pursuit of this matter.

## SECOND CAUSE OF ACTION
## NEGLIGENCE AND GROSS NEGLIGENCE

15. Plaintiff re-alleges paragraphs 7,8,9,10,14,15 and 16.

16. Defendant owed a duty of care to the Plaintiff. Defendant breached this duty thereby resulting in Plaintiffs' injuries. Defendant committed acts of negligence and gross negligence

either on its own or through its employee and each of these acts or omissions, singularly or in combination with others, constituted negligence and gross negligence which proximately caused the damages and injuries which Plaintiff suffered:

 a. In failing to provide a safe restaurant as a person of ordinary reasonable prudence would have provided under same or similar circumstances;

 b. In failing to provide security guards in its restaurant;

 c. In failing to properly research and investigate its employees;

 d. In entrusting its business to an individual that assaulted an invitee;

 e. In creating an unsafe environment;

 f. In failing to act proper actions to ensure its premises were safe for the Plaintiff;

 g. In failing to take actions that would minimize danger to the Plaintiff;

 h. In failing to operate its business in the same manner as an ordinary reasonably prudent business would have under the same or similar circumstances;

 i. And for committing other acts deemed negligent.

These acts and/or omissions proximately caused Plaintiff's injuries and damages. Defendant acted knowingly and/or recklessly with no regard to the safety of the Plaintiff therefore its conduct rises to the level gross negligence. The Plaintiff is entitled to exemplary damages due to Defendant's negligence and gross negligence.

 17. The Defendant breached the duty owed to Plaintiffs to provide a safe environment for the Plaintiff at its restaurant. The Defendant failed to perform as a person of ordinary reasonable prudence would have kept under same or similar circumstances:

 a. Defendant failed to provide a safe restaurant as a person of ordinary reasonable prudence would have provided under same or similar circumstances;

b. Defendant failed to provide security guards in its restaurant;

c. Defendant failed to properly research and investigate its employees;

d. Defendant entrusted its business to an individual that assaulted the Plaintiff;

e. Defendant created an unsafe environment for the Plaintiff;

f. Defendant failed to act proper actions to ensure its premises were safe for the Plaintiff;

g. Defendant failed to take actions that would minimize danger to the Plaintiff;

h. Defendant failed to operate its business in the same manner as an ordinary reasonably prudent business would have under the same or similar circumstances;

And for committing other acts deemed negligent and grossly negligent.

## DAMAGES/RELIEF SOUGHT

18. As the direct and proximate cause of the Defendant's negligence and gross negligence, the Plaintiff sustained severe personal injuries to his body including but not limited to head, face, jaw, teeth, shoulders back, neck, hands and extremities. Plaintiff sustained physical pain and mental anguish in the past and will continue to sustain physical pain and mental in the future. Plaintiff sustained medical expenses in the past due to his injuries, and will continue to sustain medical expenses in the future. Plaintiff has sustained severe pain, physical impairment, discomfort, mental anguish, and distress. Plaintiff incurred lost wages in the past due to his injuries, and will continue to sustain lost wages in the future. Plaintiff asks this Honorable Court to award him the following:

a. Compensation for physical pain and mental anguish in the past in the amount of $ 1,000,000.00;

b. Compensation for physical pain and mental anguish which in reasonable probability he will suffer in the future in the amount of $ 1,000,000.00;

    c. Compensation for medical care which he received in the past in the amount of $ 1,000,000.00;

    d. Compensation for medical care which he will in reasonable probability receive in the future in the amount of $ 1,000,000.00;

    e. Lost wages incurred in the past;

    f. Lost future wages and loss of career due to permanent injury;

    g. Pre-judgment interest on damages sustained from the date of the accident in question through the date of judgment.

    h. Post-judgment interest on damages sustained from the date of the accident in question through the date of collection of judgment.

19. As a further result of the injuries sustained by Plaintiff, he suffered permanent physical impairment, and has been damaged in the amount of $ 1,000,000.00.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff HERVÉ-VADIM LANI requests that Defendant SORAY LLC d/b/a BOLLO be cited to appear and answer, and that on final trial, Plaintiff have the following:

1. Judgment against Defendant in the amount of $ 10,000,000.00,
2. Pre-Judgment interest as provided by law,
3. Attorney's fees,
4. Post-Judgment interest as provided by law,
5. Cost of suit,
6. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

*[signature]*

PATRICIA M. DAVIS
ATTORNEY AT LAW
Southern District of Texas No.13187
State Bar No. 05577880
3334 Richmond Avenue, Suite 206
Houston, TX  77098
Telephone No. (713) 621-2552
Facsimile No. (713) 520-0363
patricia-davis@sbcglobal.net
ATTORNEY FOR PLAINTIFF
HERVÉ-VADIM LANI

# VERIFICATION

State of Texas    )

County of Harris  )

By signing below, I certify to the best of my knowledge, information, and belief that (1) this Complaint is not being presented for an improper purpose to harass, cause unnecessary delay or needlessly increase the expensive cost of litigation; (2) is supported by authority of law that currently exists or by a non-frivolous argument for extending, modifying or reversing existing law; (3) the factual contentions in the Complaint have evidentiary support or, if specifically so identified will have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the Complaint otherwise complies with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

HERVE-VADIM LANI

SIGNED under oath before me on _____

Notary Public, State of Texas

Latasha Solomon
Notary Public,
State of Texas
Expires 10-04-2018